UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA ADAMS,
    Plaintiff,
vs.

DANMOR REALTY CORP. and
MAMAMIA CORP.,
    Defendants.

## COMPLAINT

Plaintiff, Joshua Adams, by his undersigned counsel, hereby files this Complaint against Defendants, DANMOR REALTY CORP. and MAMAMIA CORP. (the "Defendants") for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (the ADA) and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG").

## JURISDICTION

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** Plaintiff currently resides in the Brooklyn, New York.

**3.** Plaintiff was born with spina bifida and Hydrocephalus, and as a result is bound to ambulate in a wheelchair. He is a qualified individual with disabilities under the ADA.

**4.** Plaintiff visited the property, Spaghetti Incident, to enjoy the goods and services offered therein and encountered barriers to access. Plaintiff desires and intends to return to the Facility to enjoy to goods and services offered therein. However, his access to the Facility continues to be denied and/or substantially limited. His access will continue to be denied until

Defendants remove the barriers, including those set forth in the Complaint at Paragraph 16 below.

5.  Defendant, DANMOR REALTY CORP., transacts business in the State of New York and within this judicial district. Defendant is the owner and/or lessor, of the real property located at 231 Eldridge St., New York, NY 10002 where the restaurant known as Spaghetti Incident is located (the "Facility").

6.  Defendant, MAMAMIA CORP, transacts business in the State of New York and within this judicial district. Defendant is the lessee of the Facility located at 231 Eldridge St., New York, NY 10002, and the owner and/or operator of a restaurant known as Spaghetti Incident (the "Facility").

7.  The Facility is a place of public accommodation under the ADA.

8.  Plaintiff has suffered legal harm and injury in fact, as he visited the Facility to enjoy the goods and services provided therein, encountered barriers to access, and desires and intends to re-visit the Facility again, but is unable to do so until the barriers to access are remediated.

9.  The barriers alleged in Paragraph 16, by their very nature, prevent Plaintiff and other wheelchair bound patrons from accessing the premises and enjoying the goods and services offered therein.

10.  The removal of the alleged barriers can be accomplished without much difficulty or expense.

11.  All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises is in the Southern District.

**FACTUAL ALLEGATIONS AND CLAIM**

**12.** Plaintiff has attempted to access the Facility in September 2023 to enjoy the goods and services offered therein but could not do so without substantial hardship due to his disability, which requires him to ambulate in a wheelchair, and the significant barriers to access existing at the Facility.

**13.** Plaintiff intends to visit the Facility in the summer of 2024 to celebrate a special occasion with friends and family.

**14.** However, his access to the Facility continues to be denied and/or substantially limited. His access will continue to be denied until Defendants remove the barriers, including those set forth in the Complaint at Paragraph 117 below.

**15.** Defendants have discriminated against Plaintiff by denying him full access to the goods, services and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, et. seq., and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), will continue to discriminate against Plaintiff unless and until Defendants remove all physical barriers including those specifically set forth below.

**16.** Defendants have discriminated against Plaintiff by failing to remedy the ADA violations, which by their nature, affect Plaintiff and other wheelchair bound plaintiffs. A specific list of ADA violations which preclude and/or limit Plaintiff's ability to access the facility and to enjoy the goods and services offered therein, include the following:

   **I.)** **The Entrance:**

   - An accessible route to the establishment is not provided and an accessible means of egress not provided as required, and an existing step at the entrance acts as a barrier to access as the required ramp is not provided for the step at the entrance in violation of ADAAG 206, 207, 402, and 403.

   - The minimum maneuvering clearance is not provided at the entrance door and there is a non-compliant change in floor level within the maneuvering clearance at the entrance door in violation of ADAAG 206, 207, and 404.

**II.)** **Seating/Bar Area:**

- The exterior seating is not accessible as it does not provide the minimum knee and toe clearance and the minimum percentage of existing dining tables is not provided in violation of ADAAG 226, 902, and 306.

- The interior seating is not accessible as it does not provide the minimum knee and toe clearance and the minimum percentage of existing dining tables is not provided in violation of ADAAG 226, 902, and 306.

- The bar in the interior dining area is not accessible as the height exceeds the maximum height allowed, there is no lower portion of the bar provided, and the required minimum knee and toe clearance is not provided in violation of ADAAG 226, 902, and 306.

**III.)** **Restroom:**

- Compliant signage identifying the restroom is not provided as required in violation of ADAAG 216 and 703.

- The required minimum clear width is not provided at the restroom door in violation of ADAAG 206, 402, and 404.

- The required minimum maneuvering clearance is not provided at the restroom door in violation of ADAAG 206, 402, and 404.

- The door handle to the restroom is at a non-compliant height in violation of ADAAG 404.

- The required minimum turning space is not provided in the restroom in violation of ADAAG 603 and 304.

- The minimum clearance is not provided at the water closet in the restroom in violation of ADAAG 604.

- The rear wall grab bar in the water closet does not meet the minimum size requirement in violation of ADAAG 604.

- The side wall grab bar in the water closet does not meet the minimum size requirement in violation of ADAAG 604.

- The toilet paper dispenser in the restroom is located in a non-compliance position in the water closet in violation of ADAAG 604.

- The minimum required clear floor space is not provided at the lavatory in the restroom in violation of ADAAG 606.

- The required knee and toe clearance is not provided in the lavatory of the restroom in violation of ADAAG 606, and 306.

- The mirror in the restroom is inaccessible as it is mounted at a non-compliance height in violation of ADAAG 603.

17. The above listing may not include all the barriers countered by Plaintiff and/or which exist at the facility. Plaintiff requires an inspection of the facility to determine **all the** ADA violations.

18. The removal of the ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

19. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

20. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C., §§ 12205 and 12217.

21. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendant from continuing their discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the subject Facility to make it readily accessible and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed,

and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Dated <u>February 5, 2024</u>

                                            Respectfully submitted,

                                            <u>*s/ Jennifer E. Tucek, Esq.*</u>
                                            Law Office of Jennifer Tucek, PC
                                                *Attorney for Plaintiff*
                                            Bar No. JT2817
                                            315 Madison Avenue, #3054
                                            New York, N.Y. 10017
                                            (917) 669-6991
                                            TucekLaw@Gmail.com